ATTORNEY GENERAL,

*vs.*

DAVID McDONALD.

ERROR TO RACINE CIRCUIT COURT.

The judicial power of this State, is vested by the Constitution in certain courts therein mentioned, and it is not competent for the legislature to vest such power in any other persons or officers than such as the Constitution prescribes. The act of the legislature which vests in the mayor of the city of Racine judicial powers, and jurisdiction of a justice of the peace of Racine county, is unconstitutional, and so far void.

This was an information in the nature of a *quo warranto*, filed by the Attorney General in the Circuit Court of Racine county, against David McDonald, at the October term, A. D. 1854. The information sets forth, that the said respondent, on the 9th day of October, A. D. 1854, "did usurp, intrude into, and unlawfully hold a court, and exercise the powers of a justice of the peace, and from thence hitherto has, and still does unlawfully hold and exercise, without any warrant, grant, power, charter or authority, the following office, viz: that of mayor of the city of Racine, with full power to hold a court as a justice of the peace, in and for said county : The said McDonald claiming and pretending to have judicial power and authority to hold a court, to hear, try and determine civil and criminal cases at law. And the said Attorney General further informs and gives this court to understand, that the mayor of the city of Racine aforesaid, has no judicial power or authority to hold a court as aforesaid ; all of which said liberties, privi-

June Term
1854.

Attorney
General
vs.
McDonald.
leges and franchises, the said David McDonald afore-said, at the place aforesaid, during all the time afore-said, has usurped and still does usurp, upon the State of Wisconsin and the people thereof."

"Whereupon the said Attorney General prays the advice of the said court in the premises, and due process of law against," &c.

On the 24th day of October in the same term, due process having been issued and served, the respondent appeared and filed his plea, wherein he admits the exercise of the judicial powers and functions set forth in the information, setting forth the incorporation of the city of Racine, a municipal corporation, the fact of his election to the office of mayor, the taking the oath and filing the bond required by law, and insisting that by virtue of the act of the legislature incorporating the city of Racine, and an act amendatory thereof, passed March 12, 1849, he had the right, power and authority to "exercise the jurisdiction of a justice of the peace in the State of Wisconsin, within the limits of the said city of Racine," and to exercise the jurisdiction of a justice of the peace for the county of Racine, all of which he had done, as he lawfully might.

To the plea of the respondent, a demurrer was interposed, which was overruled, and final judgment rendered in favor of the respondent, to reverse which this writ of error was brought.

*Geo. B. Smith*, Attorney Gen'l, and *Ira C. Paine*, in behalf of the prosecution.

*H. T. Fuller*, for the respondent.

*By the Court*, WHITON, C. J.   The Constitution of

this State (*Art.* 7, § 2,) vests the judicial power of the State in a Supreme Court, Circuit Courts, and Courts of Probate and justices of the peace. Power is also given to the legislature to establish municipal courts, and inferior courts in the several counties, with limited civil and criminal jurisdiction. The question is, does the respondent exercise judicial power properly derived from either of the above provisions? We think not. As mayor of the city of Racine, he could not exercise any judicial functions, for the obvious reason that the mayor of a city is not one of the persons in whom judicial power is vested by the Constitution, nor one in whom the legislature can vest such power. The first attempt to vest judicial power in the mayor of the city of Racine, was made by the legislature in the act to incorporate the city, passed on the 8th day of August, 1848. (*Sess. Laws*, 1848, 80.) The 8th section of this act, which prescribes the duties of mayor, prescribes that " as a judicial officer, he shall have concurrent original jurisdiction with justices of the peace of the county of Racine, of all cases for the violation of any ordinance of said city."

The next legislative enactment upon the subject, was made in 1849, (*Sess. Laws*, 1849, *chap.* 87, § 2,) and is as follows: " The mayor of said city (of Racine) shall have all the powers, and exercise all the jurisdiction of justices of the peace in this State, in addition to the powers now conferred on him, by giving bond as required by law."

We do not deny that the legislature may establish a municipal court in the city of Racine, and may provide that the person elected judge of the court may be mayor of the city. But this has not been attempted by the legislature; they have sought to make the

mayor a justice of the peace, by virtue of his election to the office of mayor, and have thus, (as it appears to us,) exercised powers not conferred upon them by the Constitution.

We think this is apparent from an examination of section fifteen, of article seven of the Constitution, which provides for the election of justices of the peace, " whose term of office shall be for two years, and until their successor in office shall be elected and qualified." Under this clause of the Constitution all the justices of the peace in this State are elected.

It would be a gross evasion of the Constitution, to hold that a person who is elected annually to the office of mayor of a city, could, by virtue of his election, be a justice of the peace, when all justices are required by that instrument, to be elected for two years, and to be elected specially to that office. *Peop. vs. Maynard*, 14. *Ill.*, 419.

For the reasons above given, the judgment of the court below must be reversed.